IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SUSAN G. FEIL, Personal Representative of
the Estate of Edward I. Feil,

       Plaintiff,

vs.                                                 No. CIV 06-630 MV/RLP

CIGNA CORPORATION, operating through
its division, CIGNA GROUP, and its
operating subsidiary, LIFE INSURANCE
COMPANY OF NORTH AMERICA,

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's Motion to Remand, filed August 11, 2006, **[Doc. No. 4].** The Court, having considered the motion, briefs, relevant law and being otherwise fully informed, finds that the motion will be granted.

## BACKGROUND

This case arises out of a dispute regarding the amount of benefits paid to Dr. Edward I. Feil, now deceased, under a long-term disability income policy. While employed at Lovelace Health Systems ("Lovelace"), Dr. Feil was insured under a group long-term disability income policy ("disability policy") between Defendant Life Insurance Company of North America ("Defendant")[1] and Lovelace. In April 2001, Dr. Feil began receiving benefits under the disability policy.

---

[1] Defendant Cigna Corporation, who joined in the removal of this action, has been dismissed as a defendant. *See* Stipulated Order Dismissing Defendant Cigna Corporation, August 18, 2006, [Doc. No. 8].

In March 2004, Dr. Feil became eligible for Social Security Administration retirement benefits in the amount of $1,163.07 per month. The terms of the disability policy permitted Defendant to reduce Dr. Feil's monthly disability benefit by the amount of the retirement benefit. Defendant, however, did not begin to adjust Dr. Feil's monthly disability payment for the retirement benefits until November 2005, when, over the course of three months, it withheld $26,661.07 from Dr. Feil's monthly disability payments to account for the retirement benefits he had received since March of 2004.

On June 8, 2006, Plaintiff Susan C. Feil, Personal Representative of the Estate of Dr. Feil, filed this action in state court asserting that Defendant, in adjusting the disability payments for Dr. Feil's retirement benefits, withheld $1,163.07 more than it was entitled to withhold. Plaintiff's Complaint asserts breach of insurance contract and bad faith claims under state law.

Defendants timely removed the case to federal court pursuant to 28 U.S.C. § 1441, asserting that this Court has jurisdiction because Plaintiff's claims arise under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 101, *et seq*. Plaintiff now moves to remand on the grounds that this Court lacks jurisdiction because the disability policy falls under an exception to ERISA.

## LEGAL STANDARD

A cause of action originally filed in state court may be removed by the defendant when the federal court could have exercised original jurisdiction over the matter. 28 U.S.C. § 1441(a); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). District courts have original jurisdiction over all civil actions arising under the laws of the United States. 28 U.S.C. § 1331. A district court must remand a case back to state court, however, "if at any

time before final judgment it appears that the district court lacks subject matter jurisdiction."

28 U.S.C. § 1447(c).

The party invoking the court's removal jurisdiction has the burden to establish the court's jurisdiction. *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir.1995). Because federal courts are courts of limited jurisdiction, there is a presumption against exercising removal jurisdiction, *Laughlin*, 50 F.3d at 873, and all doubts about removal jurisdiction must be resolved in favor of remand*, Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir.1982).

## DISCUSSION

Civil suits by participants or beneficiaries to recover benefits under an ERISA plan can be brought only under the civil enforcement provision of ERISA. *See* 29 U.S.C. §§ 1132(a), 1144(a). The Supreme Court has held that ERISA has complete preemption effect. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). Therefore, assertion of ERISA preemption permits removal of an action even when the complaint pleads only state law claims.

In order to establish federal jurisdiction under ERISA, a party must show that the employer has established an employee welfare benefit plan as defined by the ERISA statute. In her motion, Plaintiff asserts that the disability plan falls under ERISA's safe harbor exception removing certain group insurance programs from ERISA coverage, and thus her state law claims against Defendant under the policy are not preempted by ERISA.

The United States Department of Labor explicitly exempts from ERISA governance certain "group or group-type insurance programs offered by an insurer to employees." 29 C.F.R. § 2510.3-1(j). This exemption is known as the "safe harbor" exemption. There are four elements

necessary to qualify for the safe harbor exemption: "(1) [n]o contributions are made by an employer or employee organization; (2)[p]articipation in the program is completely voluntary for employees or members; (3)[t]he sole functions of the employer . . . with respect to the program are, without endorsing the program, to permit the insurer to publicize the program to employees or members, to collect premiums through payroll deductions or dues checkoffs and to remit them to the insurer; and (4) [t]he employer receives no consideration in the form of cash or otherwise in connection with the program, other than reasonable compensation, excluding any profit, for administrative services." *Id*.  Group health insurance programs that meet each of these four criteria are excluded from ERISA coverage.

To establish that this Court has subject matter jurisdiction such that the removal of this case from state court was proper, Defendant must show that the disability plan does not satisfy at least one of these four criteria.

**A. Employer Contributions.**  If an employer makes contributions to the insurance plan, the insurance plan does not qualify for the safe harbor exemption.  Plaintiff contends that all premiums for the disability policy were paid by Dr. Feil and not reimbursed by Lovelace.  In support of her position, Plaintiff has submitted one of Dr. Feil's paystubs that shows a long-term disability premium as part of his after-tax deductions and a disability form filled out by Lovelace that states that the premium for the disability policy was paid by Dr. Feil.  Defendant, on the other hand, contends that the premiums were paid by Dr. Feil and reimbursed by Lovelace.  In support of this position, Defendant has submitted affidavits from the Vice President of Medical Affairs for Lovelace Medical Group and Lovelace's Human Resources Director, both of which state that Lovelace paid the entire cost of the long-term disability plan by reimbursing employees for

4

premiums paid.  These affidavits are supported by an excerpt from the Lovelace Policies and Procedures manual stating that all premiums for the long-term disability program are paid by Lovelace.

When considering a motion to remand, the Court must resolve all disputed issues of fact and unclear areas of law in favor of remand.  *Laughlin*, 50 F.3d at 873.  Resolving this disputed issue of fact in favor of remand, the Court finds that Lovelace did not make any contributions to the disability insurance program in satisfaction of the first element of ERISA's safe harbor exemption.

**B.  Voluntary Participation.**  To qualify for the safe harbor exemption, participation in the insurance program must be voluntary.  The parties agree that participation in the long-term disability insurance program at Lovelace was voluntary.  Consequently, the second element of ERISA's safe harbor provision is satisfied.

**C.  Employer Functions.**  To qualify for the safe harbor exemption, an employer is limited to performing two functions with respect to the program.  First, the employer, without endorsing the program, may permit the insurer to publicize the program to employees or members.  Second, the employer may collect premiums through payroll deductions or dues checkoffs and remit them to the insurer.   Defendant contends that Lovelace endorsed the long-term disability insurance program and therefore the safe harbor exemption does not apply.

A Department of Labor Advisory Opinion interpreting § 2510.3-1(j) describes an employer as "endorsing" a program within the meaning of (j)(3) if the employer

> expresses to its members any positive, normative judgment regarding the program. An employee organization may, in the course of permitting an insurer, insurance agent, or insurance broker to market the group or group-type insurance program

>to its employees or members, facilitate the publicizing and marketing of the program, but only to an extent short of endorsing the program. An endorsement within the meaning of [§ ] 2510.3-1(j) occurs if the employee organization urges or encourages member participation in the program or engages in activities that would lead a member reasonably to conclude that the program is part of a benefit arrangement established or maintained by the employee organization.

ERISA Op. Letter No. 94-26A, 1994 WL 369282 (July 11, 1994).[2]

In support of its position that Lovelace endorsed the plan, Defendant submitted an affidavit from Robert Culling, Vice President of Medical Affairs for Lovelace, which states that "Lovelace used the LTD plan to attract and retain physician employees and senior administrative employees by offering this benefit." From this statement, the Court cannot determine if Lovelace impermissibly endorsed the policy. It could be that Lovelace merely informed employees and potential employees of the program but did not urge employee participation in the program or engage in activities that would lead an employee reasonably to conclude that the program was part of a benefit arrangement established or maintained by the employee organization. *See, e.g., Kanne v. Connecticut General Life Ins. Co.*, 867 F.2d 489, 492 (9th Cir. 1988) (an employer has not established an ERISA plan if it merely advertises a group insurance plan that has none of the attributes described in 29 C.F.R. § 2510.3-1(j)); *Johnson v. Watts Regulator Co.*, 63 F.3d 1129, 1134 (1st Cir. 1995) (as long as the employer merely advises employees of the availability of group insurance, accepts payroll deductions, passes them on to the insurer, and performs other ministerial tasks that assist the insurer in publicizing the program, it will not be deemed to have endorsed the program under § 2510.3-1(j)(3)). Without additional information regarding how

---

[2] Opinion letters issued by the Secretary of Labor are not controlling even in the cases for which they are authored. *See Reich v. Newspapers of New Eng., Inc.*, 44 F.3d 1060, 1070 (1st Cir. 1995). Nonetheless, courts may derive guidance from them. *See id*.

Lovelace "used the LTD plan to attract and retain" employees, the Court cannot determine if Lovelace endorsed the long-term disability plan at issue such that the plan would not qualify for the safe harbor exemption.

Defendant, who bears the burden of demonstrating federal jurisdiction, has not provided the information necessary for the Court to determine if Lovelace endorsed the disability program within the meaning of § 2510.3-1(j). Resolving all doubts in favor of remand, the Court finds that Lovelace did not endorse the disability plan.

**D. Employer Consideration.** For a plan to qualify for the safe harbor exemption, an employer cannot receive any consideration in the form of cash or otherwise in connection with the program, other than reasonable compensation, excluding any profit, for administrative services. There is no evidence that Lovelace received any consideration in the form of cash or otherwise in connection with the program.

In light of the presumption against federal jurisdiction and the requirement that uncertainties be resolved in favor of remand, the Court finds that Defendant has not carried its burden of demonstrating that the disability plan falls outside ERISA's safe harbor provision. Consequently, this case will be remanded back to state court.

**CONCLUSION**

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Remand, filed August 11, 2006, **[Doc. No. 4]** is **GRANTED**.  This matter is hereby remanded to First Judicial District Court, County of Santa Fe, State of New Mexico.

Dated this 5th day of February, 2007.

_____
MARTHA VÁZQUEZ
CHIEF UNITED STATES DISTRICT JUDGE

Attorney for Plaintiff:
  William G. Gilstrap, Esq.

Attorney for Defendant:
  Lorna M. Wiggins, Esq.