IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


SUSAN G. FEIL, Personal Representative of
the Estate of Edward I. Feil,

        Plaintiff,

                                                               No. CIV 06-630 MV/RLP

vs.

CIGNA CORPORATION, operating through
its division, CIGNA GROUP, and its
operating subsidiary, LIFE INSURANCE
COMPANY OF NORTH AMERICA,

        Defendants.


## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiffs' Motion for Reconsideration, filed February 21, 2007, **[Doc. No. 27]**. The Court, having considered the motion, response, relevant law, and being otherwise fully informed, finds that Plaintiffs' motion will be **DENIED**.

## BACKGROUND

This case arises out of a dispute regarding the amount of benefits paid to Dr. Edward I. Feil, now deceased, under a long-term disability income policy. While employed at Lovelace Health Systems ("Lovelace"), Dr. Feil was insured under a group long-term disability income policy ("disability policy") between Defendant Life Insurance Company of North America ("Defendant")[1] and Lovelace. In April 2001, Dr. Feil began receiving benefits under the disability policy.

In March 2004, Dr. Feil became eligible for Social Security Administration retirement

---

[1] Defendant Cigna Corporation has been dismissed as a defendant. *See* Stipulated Order Dismissing Defendant Cigna Corporation, August 18, 2006, [Doc. No. 8].

benefits in the amount of $1,163.07 per month.  The terms of the disability policy permitted Defendant to reduce Dr. Feil's monthly disability benefit by the amount of the retirement benefit.  Defendant, however, did not begin to adjust Dr. Feil's monthly disability payment for the retirement benefits until November 2005, when, over the course of three months, it withheld $26,661.07 from Dr. Feil's monthly disability payments to account for the retirement benefits he had received since March of 2004.

On June 8, 2006, Plaintiff Susan C. Feil, Personal Representative of the Estate of Dr. Feil, filed this action in state court asserting that Defendant, in adjusting the disability payments for Dr. Feil's retirement benefits, withheld $1,163.07 more than it was entitled to withhold.  Plaintiff's Complaint asserts breach of insurance contract and bad faith claims under state law.

Defendants timely removed the case to federal court pursuant to 28 U.S.C. § 1441, asserting that this Court has jurisdiction because Plaintiff's claims arise under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 101, *et seq*.  Plaintiff moved to remand on the grounds that this Court lacked jurisdiction because the disability policy falls under the "safe harbor" exemption to ERISA codified at  29 C.F.R. § 2510.3-1(j).

As the removing party, it was Defendant's burden to establish that the safe harbor exemption did not apply.  In a Memorandum Opinion and Order dated February 5, 2007, the Court found that Defendant had failed to establish that the disability policy did not meet two of the necessary elements to qualify for the "safe harbor" exemption. Specifically, the Court found that whether contributions were made by an employer or employee organization was a disputed issue of fact and that there was insufficient evidence to determine whether Lovelace impermissibly endorsed the policy.   In light of the presumption against federal jurisdiction and the requirement that uncertainties be resolved in favor of remand, the Court ruled that Defendant

had not carried its burden of demonstrating that the disability plan fell outside ERISA's safe harbor provision and remanded the case back to state court. Defendant now seeks reconsideration of this ruling.

## LEGAL STANDARD

The Federal Rules of Civil Procedure do not provide for motions for reconsideration. When the Court has misapprehended the facts or misapplied the law, however, a party may seek relief pursuant to Fed. R. Civ. P. 59. The decision whether to grant or deny a motion under Rule 59 is committed to the court's discretion. *See, e.g., Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1395 (10th Cir. 1988). A court may grant reconsideration under Rule 59 to (1) correct clear error or prevent manifest injustice; (2) review newly discovered evidence; or (3) review a prior decision in light of a recent change in law. *See Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Absent extraordinary circumstances, a motion to reconsider may not be used "to revisit issues already addressed or advance argument that could have been raised in prior briefing." *Id.*; *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).

## ANALYSIS

In its motion for reconsideration, Defendant submits additional pages from a policy manual and a new affidavit in an attempt to satisfy the two elements that the Court previously found had not been proven. There is no indication that this evidence was newly discovered or was otherwise unavailable when the original motion to remand was considered. A motion for reconsideration is not an opportunity to provide evidence that could have been provided prior to the Court's decision or to "address questions" the Court raised in its Opinion. *See Servants of Paraclete*, 204 F.3d at 1012 (absent extraordinary circumstances, a motion to reconsider may not be used to revisit issues already addressed or advance argument that could have been raised

in prior briefing). Furthermore, even if the Court were to consider the new evidence submitted by Defendant, it would not change the Court's ruling as the issue of who paid the premiums for the policy remains a disputed issue of fact that must be resolved in favor of remand.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Reconsideration, filed February 21, 2007, **[Doc. No. 27]** is **DENIED**.

Dated this th day of September, 2007.

_____
MARTHA VÁZQUEZ
CHIEF UNITED STATES DISTRICT JUDGE

Attorney for Plaintiff:
   William G. Gilstrap, Esq.

Attorney for Defendant:
   Lorna M. Wiggins, Esq.